[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON FOURTH COUNT OF COUNTERCLAIM
The causes of action stated in the Complaint and all but the Fourth Count of the Counterclaim in this case were tried before a jury. The court directed the verdict on the Counterclaim, except for the Fourth Count, which the parties agreed should be decided by the court. Thereafter the plaintiffs moved for the court to set aside the verdict with respect to the jury's finding as to the facts underlying the issue of whether the defendants' debt to the plaintiff was joint and several or whether each defendant had an obligation to pay for their pro rata share, and the defendants filed various post trial motions. By ruling dated December 20, 2001, the court denied the plaintiff's Motion to Set Aside. The court also denied the defendants' post trial motions.
On December 20, 2001 the court granted the plaintiff's motion for interest on the judgment. However, the court neglected to rule on the CT Page 2798 Fourth Count of the defendants' Counterclaim, which claimed a violation of Connecticut Unfair Trade Practice Act ("CUTPA") by the plaintiff
The court finds that the plaintiff committed no violation of CUTPA. To the contrary, the plaintiff saved each of its clients, the defendants in this case, an enormous amount of money in legal fees. The defendants retained the plaintiff to represent them in matters in which each client could have recovered very large sums of money. If each defendant had hired a separate law firm to represent them, then each defendant would probably have incurred legal fees in excess of $100,000. The defendants chose to pool their resources and save themselves lots of money in legal fees. The plaintiff undertook the representation of the defendants even though the number of defendants involved (at one time over 100) greatly increased the difficulties of an already difficult federal lawsuit against a powerful, well-represented union. Notwithstanding the huge savings afforded to each defendant by the plaintiff law firm, once the defendants lost their case at the appellate level, they failed to honor their obligation to pay their legal fees.
Rather than the plaintiff attempting to take unfair advantage of the defendants, the court finds that the defendants took unfair advantage of the plaintiff by failing to honor their obligations to pay legal fees after their federal lawsuit failed. Therefore, judgment may enter in favor of the plaintiff on the Fourth Count of the Counterclaim.
By the court,
____________________ Aurigemma, J.